572 S.E.2d 279

**In the Matter of A. Shedrick JOLLY, III, Respondent.**

No. 25547.

Supreme Court of South Carolina.

Submitted Sept. 24, 2002.

Decided Oct. 28, 2002.

Henry B. Richardson, Jr., and Susan M. Johnston, both of Columbia, for the Office of Disciplinary Counsel.

Desa A. Ballard, of West Columbia and James W. Seeley, of Spartanburg, for respondent.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to the imposition of any sanction set forth in Rule 7(b), RLDE, Rule 413, SCACR. We accept the agreement and disbar respondent.[1] The facts as admitted in the agreement are as follows.

## *Facts*

### I. *Chicago Title Insurance Matter*

Respondent was employed as an agent by Chicago Title Insurance (CTI). CTI conducted a routine audit of respondent's accounts and discovered two questionable checks made payable to respondent. Respondent admitted that he had written two checks, made payable to himself and drawn upon his trust account, in the amounts of $5,000 and $17,000. Respondent admitted that he had converted client funds for his personal use.

### II. *Client Matters*

Respondent represented a client during a real estate transaction in 1998. The property cost $22,000, and client intended

---

1. Respondent was placed on interim suspension by order of this Court dated August 30, 2001. *In re Jolly,* 350 S.C. 201, 565 S.E.2d 758 (2001). Respondent's request that the period of disbarment be made retroactive to the date respondent was placed on interim suspension is denied.

to place a mobile home on the property. Respondent conducted a title search of the property; however, he failed to discover that a restriction on the property precluded client from placing a mobile home on the property. Upon learning of the restriction, respondent purchased the property from client for $22,430. Respondent was able to purchase the property because he misappropriated and converted funds from his trust account.

Respondent also represented another client from 1973 until 1998. Respondent held a power of attorney and was entrusted with the management of client's finances. Respondent failed to properly document financial transactions. Furthermore, respondent misappropriated and converted unidentified funds from other clients in favor of client and himself.

In another matter, respondent represented a client in multiple real estate transactions. Respondent did not handle the real estate transactions in a timely manner, which caused client to suffer additional expenses in the amount of $17,000. As a result, respondent paid client $17,000. Respondent was able to pay client because he misappropriated and converted funds from his trust account.

In yet another matter, respondent represented another client during a real estate transaction. Respondent received approximately $72,459.39 from Wells Fargo Home Mortgage. Respondent wrote a check in the amount of $62,370.67 as payment to satisfy client's mortgage; however, respondent never issued the check. Instead, respondent misappropriated and converted the funds to his personal use.

Furthermore, in twenty-six other matters, respondent received a total of $71,654.34 and converted the funds to his personal use. As of August 21, 2001, respondent's trust account had a negative balance of approximately $111,000 to $148,000.

Respondent admitted to ODC that he began misappropriating funds in 1995. Respondent informed ODC that the funds were used to pay law firm expenses; however, ODC discovered that the funds were converted for respondent's personal use. Furthermore, respondent informed ODC that he deposited an unspecified amount of funds into his trust account as

restitution for the converted funds. However, ODC discovered that respondent's statement was untrue.

## Law

As a result of his conduct, respondent has violated the following Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (a lawyer shall provide competent representation to a client); Rule 1.2 (a lawyer shall abide by a client's decisions concerning the objectives of representation); Rule 1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client); Rule 1.5 (a lawyer's fee shall be reasonable); Rule 1.8 (a lawyer shall not enter into a business transaction with a client or knowingly acquire an ownership, possessory, security or other pecuniary interest adverse to a client); Rule 1.14 (a lawyer shall maintain a normal client-lawyer relationship with a client who is impaired); Rule 1.15 (a lawyer shall hold property of clients that is in the lawyer's possession in connection with representation separate from the lawyer's own property); Rule 4.1 (a lawyer shall not knowingly make a false statement of material fact or law to a third person); Rule 4.4 (in representing a client a lawyer shall not use means that have no purpose other than to embarrass, delay, or burden a third person); Rule 8.4(a) (a lawyer shall not violate the Rules of Professional Conduct): Rule 8.4(b) (a lawyer shall not commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer); Rule 8.4(c) (a lawyer shall not engage in conduct involving moral turpitude); Rule 8.4(d) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit or misrepresentation); and Rule 8.4(e) (a lawyer shall not engage in conduct that is prejudicial to the administration of justice).

In addition, respondent has violated the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (violating the Rules of Professional Conduct); Rule 7(a)(5) (engaging in conduct tending to pollute the administration of justice or bring the legal profession into disrepute); and Rule 7(a)(6) (violating the oath of office taken upon admission to practice law).

## Conclusion

We accept the Agreement for Discipline by Consent and disbar respondent from the practice of law in this state.

Respondent shall not be entitled to seek reinstatement or readmission to the practice of law until he has fully repaid all funds owed clients and/or the trust, including reasonable interest, and until he has reimbursed the Lawyer's Fund for Client Protection for any and all amounts paid, including reasonable interest, in connection with these matters. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR, and shall also surrender his Certificate of Admission to the Practice of Law to the Clerk of Court.

**DISBARRED.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.